OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on February 27, 2004, and maintains an office in Buffalo. The Grievance Committee filed a petition containing two charges of professional misconduct against respondent, including failing to comply with the Rules of Professional Conduct regarding the maintenance of trust account funds and required records, and failing to file federal and state personal income tax returns and to pay the related taxes for a five-year period. Respondent filed an answer admitting material allegations of the petition and setting forth matters in mitigation. The Grievance Committee thereafter filed a second petition containing 12 additional charges of professional misconduct against respondent, including neglecting client matters and failing to refund unearned legal fees. Respondent filed an answer admitting material allegations of the second petition and setting forth additional matters in mitigation. This Court granted the request of respondent to consolidate the aforementioned proceedings, and respondent subsequently appeared before the Court and was heard in mitigation at that time.
With respect to the first petition, respondent admits that, from May through October 2008, he commingled personal funds with funds belonging to his clients, failed to maintain adequate records for transactions involving client funds, and permitted a nonlawyer to make transactions involving funds maintained in his trust account. Respondent further admits that he failed to file state and federal personal income tax returns and failed to pay the related taxes for the years 2005 through 2009.
With respect to the second petition, respondent admits that, from September 2009 through March 2012, he neglected several client matters by failing to take action to protect the interests of his clients and failing to respond to inquiries from his clients regarding their respective matters. Respondent further admits that, with respect to certain of those client matters, he failed to refund unearned legal fees to his clients in a prompt manner and failed to provide clients in domestic relations matters with a statement of client’s rights or itemized billing statements at *200 regular intervals. Respondent additionally admits that, from August through November 2011, he failed to respond to several requests for information from the Grievance Committee.
We conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility:
DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) — engaging in conduct that adversely reflects on his fitness as a lawyer;
DR 9-102 (a) (22 NYCRR 1200.46 [a]) — commingling client funds with personal funds;
DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]) — failing to maintain complete records of all funds of a client coming into his possession;
DR 9-102 (d) (1), (2), (8) and (9) (22 NYCRR 1200.46 [d] [1], [2], [8], [9]) — failing to maintain required financial records; and
DR 9-102 (e) (22 NYCRR 1200.46 [e]) — allowing a nonlawyer to be an authorized signatory of a special account.
We further conclude that respondent has violated the following Rules of Professional Conduct:
rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0) —neglecting a legal matter entrusted to him;
rule 1.16 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0) —failing to refund promptly any part of a fee paid in advance that has not been earned;
rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0) —engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0) —engaging in conduct that adversely reflects on his fitness as a lawyer.
We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his statement that the misconduct occurred at a time when his judgment was affected by alcohol abuse, and that he has since successfully sought treatment. In addition, we have considered that respondent has filed all delinquent tax returns and has paid all funds owed to his clients. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.
Centra, J.E, Peradotto, Lindley and Whalen, JJ., concur.
Order of censure entered.